THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF ESCAMBIA, *et al.,* v. STATE.

164 Sou. 516.
Division B.
Opinion Filed December 12, 1935.

*Watson & Pasco & Brown,* for Appellants;
*E. Dixie Beggs, Jr.,* State Attorney, for Appellee.

BUFORD, J.—In this case the Board of Public Instruction of Escambia County filed proceedings to validate an issue of $420,000.00 of bonds in behalf of Special Tax School

District No. 16 presumed to have been voted at an election held in said Special Tax School District on August 26, 1935.

It was made to appear before the court below that the number of qualified freeholders residing in that Special Tax School District and entitled to vote in that election was 2,800, while only 979 of such qualified freeholders voted in such election; and, thereupon, the Circuit Judge granted motion to dismiss the petition.

From that order appeal was taken.

Appellants in their brief said:

"The sole question for determination by the court on this appeal is whether, since the 1930 amendment of Section 6 of Article IX of the Constitution, the provisions of Article XII as to the bonds of Special Tax School Districts are modified or remain in full force and effect."

This question has been definitely settled in this jurisdiction by the opinion and judgment in the case of State, *ex rel.* Maynard H. Evans, *et al.,* as Trustees of Special Tax School District No. 1 of Orange County, v. George A. Barker, Sr., Chairman of the Board of Public Instruction of Orange County, filed November 1, 1935, in which we said:

"In August, 1935, a Special Tax School District bond election was held in Special Tax School District No. 1 of Orange County to determine whether or not $46,500.00 in bonds should be authorized by the district for the purpose of acquiring, building, enlarging, furnishing and otherwise improving the school buildings and school grounds within the district. At said election (to which amended Section 6 of Article IX of the Constitution was applicable, as well as Section 17 of Article XII) a majority of the freeholders who were qualified electors residing in the district, did not participate, so the election was abortive of result."

We are, therefore, committed to the holding that amended Section 6 of Article IX of the Constitution is applicable to Special Tax School District bond elections and that for such an election to determine anything at all a majority of the qualified freeholder electors within the Special Tax School District must participate in the election. If a majority of such qualified freeholders do not participate in the election called, the result is as if no election had been attempted to be held at that time, because by such an attempted election no result either for or against the issuance of the bonds has been obtained.

The order dismissing the petition should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.